UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 12-CR-0054 (PJS/SER) |
| Plaintiff, | |
| v. | ORDER |
| EDGAR RAFAEL BARRAZA-MALDONADO, | |
| Defendant. | |

Jeffrey S. Paulsen, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Daniel L. Gerdts, ATTORNEY AT LAW, for defendant.

The Court previously granted in part and denied in part defendant Edgar Rafael Barraza-Maldonado's motion to suppress evidence that was obtained as a result of two warrantless searches of a 2006 Nissan Maxima ("Maxima") that he had been driving from Arizona to Minnesota. *See* ECF No. 45. The Court held that, even though the government failed to prove that the troopers' initial roadside search of the Maxima fell within the inventory-search exception to the warrant requirement, the physical evidence that was seized during the troopers' subsequent search of the Maxima at a nearby garage need not be suppressed because the evidence resulted from an independent and lawful source — namely, the alert of a drug-detection dog (named "Bandit"), which, in combination with the troopers' observations before the unlawful roadside search, provided probable cause to justify a warrantless search of the Maxima under the automobile exception. The Court nonetheless recognized that, because the government had supported Magistrate Judge Steven E. Rau's conclusion that no constitutional violation had occurred, the government made no arguments about the application of the independent-source

doctrine — and thus Barraza did not have the opportunity to respond to any such arguments. The Court therefore invited Barraza to move for reconsideration — and, if necessary, to move to reopen the record — if he disagreed with the Court's application of the independent-source doctrine.

This matter is before the Court on Barraza's motion for reconsideration. *See* ECF No. 46. Barraza does not, in fact, argue that the Court erred in applying the independent-source doctrine. Nor does Barraza challenge the Court's conclusion that Trooper Schneider would have deployed Bandit to sniff the Maxima even if he had not conducted the unlawful roadside search. Instead, Barraza argues that the Court should not have considered Trooper Schneider's subjective interpretation of Bandit's "inconclusive behavior" as part of the totality-of-the-circumstances analysis for probable cause, relying again on *United States v. Heir*, 107 F. Supp. 2d 1088 (D. Neb. 2000). ECF No. 46 at 2-3. Barraza also seeks to reopen the record "to permit review of the scientific basis for reliance on trained detector dog behavior and why no reliance of any kind is justified on subjective human interpretation of untrained canine behavior . . . ." *Id.* at 2. Specifically, Barraza wants to introduce transcripts from the hearing in *Heir*.

Before turning to the merits of Barraza's argument, the Court addresses one other matter. In his motion for reconsideration, Barraza suggests that the Court's prior order appeared to hold that Bandit's alert, in and of itself, provided the troopers with probable cause to search the Maxima. Barraza focuses on the following sentence:

> *Assuming for the moment that Bandit's alert provided the troopers with probable cause to conduct a warrantless search of the Maxima under the automobile exception* — Barraza's objection to this assumption is addressed below — the question of whether Bandit's alert constituted an independent source for the discovery

> of the drugs turns on whether Trooper Schneider would have
> deployed Bandit to sniff the Maxima if he and Trooper Kalinoff
> had not conducted the unlawful roadside search of the vehicle.

ECF No. 45 at 20 (emphasis added). The italicized portion of this sentence was not meant to suggest that Bandit's alert alone provided the troopers with probable cause. Rather "Bandit's alert," as used above, was merely shorthand for "Bandit's alert coupled with the troopers' observations before the unlawful roadside search." The Court did not have to decide whether Bandit's alert alone gave the troopers probable cause to search the Maxima, because the troopers were aware of much more than Bandit's alert alone.

As to the merits of Barraza's argument: The Eighth Circuit has long held that an indication (as opposed to an alert[1]) by a well-trained drug-detection dog is *sufficient* to establish probable cause. *See United States v. Olivera-Mendez*, 484 F.3d 505, 512 (8th Cir. 2007) ("[A] dog's positive indication *alone is enough* to establish probable cause for the presence of a controlled substance if the dog is reliable." (emphasis added and internal quotations omitted)); *see also United States v. Sundby*, 186 F.3d 873, 876 (8th Cir. 1999) (collecting cases). But that does not mean that probable cause is *absent* if a well-trained drug-detection dog does *not* indicate (but instead merely alerts). Yet that is precisely what Barraza argues in his motion for reconsideration: "Indeed, Barraza here contends that the failure of a well-trained drug detection dog to indicate the presence of drugs in a vehicle (as here) is evidence of precisely the opposite

---

[1]In its prior order, the Court described the difference between an "indication" and an "alert." *See* ECF No. 45 at 23 n.13. Specifically, a drug-detection dog alerts when it changes its behavior in response to smelling the odor that it is trained to detect — such as when Bandit repeatedly tried to crawl under the chassis of the Maxima. A drug-detection dog indicates when it pinpoints the precise location of the drugs. In this case, it was probably not possible for Bandit to indicate, because the drugs were stored in a spare tire underneath the Maxima — exactly the area that Bandit was attempting to reach by crawling under the car.

proposition: that drugs will not be found therein." ECF No. 46 at 2 (emphasis omitted). As noted in the Court's prior order, Barraza confuses what is *sufficient* to establish probable cause with what is *necessary* to establish probable cause.

In addition, the Court did not err in considering Bandit's alert in determining whether, given the totality of the circumstances, there was probable cause for the troopers to search the Maxima without a warrant. *See United States v. Mayo*, 627 F.3d 709, 713 (8th Cir. 2010) ("Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime will be found in a particular place." (internal quotations omitted)). The Eighth Circuit has consistently held that a drug-detection dog's behavior — even when that behavior comes up short of a positive indication — may be properly considered as part of the court's totality-of-the-circumstances analysis for determining probable cause. *See United States v. Carbajal*, 449 Fed. App'x 551, 554 (8th Cir. 2012) ("Regardless of whether [the dog's] actions were *sufficient* to establish probable cause standing alone, we consider the totality of the circumstances, including Trooper Pinner's observations, and conclude that Trooper Pinner had probable cause to believe he would find contraband in Carbajal's vehicle." (emphasis added)); *see also United States v. Winters*, 600 F.3d 963, 968 (8th Cir. 2010) ("Even if a drug dog's performance record raises questions about his reliability . . . the issue is whether the totality of the circumstances present at the scene provided probable cause to search [the vehicle]." (internal quotations omitted)), *cert. denied*, 131 S.Ct. 255 (2010).

Here, Trooper Schneider testified that "Bandit alerted to the odor of a controlled substance that he's been trained to detect coming from the undercarriage of the vehicle." ECF

No. 42 at 28. Trooper Schneider's testimony is consistent with video footage showing Bandit repeatedly trying to get underneath the Maxima. *See* Def. Ex. 1 at 27:30-28:20. Even if Bandit's alert, in and of itself, did not give the troopers probable cause to search the vehicle, Bandit's alert combined with the other evidence cited by the Court — i.e., the information that Trooper Schneider had received from the DEA, Trooper Schneider's observation of the single key in the ignition, Barraza's nervousness, Barraza's untruthful assertion that he and his girlfriend were coming from Denver, and inconsistencies between Barraza's and his girlfriend's accounts of their trip — provided grounds for a reasonable person to believe that there was a "fair probability" that drugs would be found in the vehicle. *See Mayo*, 627 F.3d at 713.

Finally, the Court denies Barraza's request to supplement the record with transcripts from the hearing in *Heir*. As the Court pointed out in its prior order, Barraza's reliance on *Heir* is misplaced for a number of reasons, including the fact that *Heir* (which is not binding on this Court) is inconsistent with Eighth Circuit precedent (which is binding on this Court). *See* ECF No. 45 at 23-24. Moreover, Barraza could have introduced these transcripts at the evidentiary hearing before Magistrate Judge Rau. Barraza had the evidence and was aware of its relevance to the suppression issue; Barraza has not explained why he did not ask Judge Rau to make the evidence part of the record. Under these circumstances, a district court does not abuse its discretion in denying a request to supplement the record. *Cf. United States v. Gill*, 513 F.3d 836, 846 (8th Cir. 2008) (reviewing a denial of a motion to reopen a suppression hearing for abuse of discretion); *United States v. Chavez Loya*, 528 F.3d 546, 555 (8th Cir. 2008) (affirming a denial of a motion to reopen a suppression issue where defendant failed to explain why he could not have raised his objection earlier).

Barraza's motion for reconsideration is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that defendant Edgar Rafael Barraza-Maldonado's motion for reconsideration [ECF No. 46] is DENIED.

Dated: August 6, 2012           s/Patrick J. Schiltz
                                Patrick J. Schiltz
                                United States District Judge